SAMUEL GARVEY

v.

FRANK M. SCOTT.

1.  BAILMENT—DELIVERY TO AGENT OF BAILOR.—Where the bailee of property delivered it to the agent of the bailor, acting under instructions from his principal, and the agent paid the bailee his charges for keeping the

Garvey v. Scott.

property, it is a good delivery, and the bailee is discharged from any further liability in respect of such property.

2. AGENCY—WHAT WILL CREATE.—Appellee having left a horse in charge of appellant, asked one H. if he would take the horse from appellant and sell it for him if he (appellee) wrote him to do so, and was told by H. that he would. He afterwards wrote H. to sell the horse, which was done. *Held*, a complete contract of agency.

APPEAL from the Circuit Court of Sangamon county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed June 21, 1881.

Messrs. STERLING & GROUT, for appellant; that the receipt and retention by the principal of the proceeds of a sale made by one claiming to act as agent with full knowledge of the facts, is a ratification, cited T. W. & W. R. R. Co. v. Prince, 50 Ill. 26; T. W. & W. R. R. Co. v. Rodrigues, 47 Ill. 188; Darst v. Gale, 83 Ill. 136; Williams v. Butler, 35 Ill. 544; Morris v. Tillson, 18 Ill. 607.

Where the verdict is unsupported by the evidence, a new trial should be granted: Belden v. Innes, 84 Ill. 78; Lowrey v. Orr, 1 Gilm. 70; Scott v. Blumb, 2 Gilm. 595; Keaggy v. Hite, 12 Ill. 99; Baker v. Prichett, 16 Ill. 66; Southworth v. Hoag, 42 Ill. 446; Clement v. Bushway, 25 Ill. 200; C. & G. E. R. R. Co. v. Fox, 41 Ill. 106; Ragor v. Kendall, 70 Ill. 95; Kuhren v. Griesbaum, 59 Ill. 48; Schwartz v. Lammers, 63 Ill. 500; Knott v. Skinner, 63 Ill. 239; Hibbard v. Molloy, 63 Ill. 471; Schwab v. Gingerick, 13 Ill. 697; Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 42; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Smith v. Slocum, 62 Ill. 354.

Instructions not based on evidence are erroneous: I. & St. L. R. R. Co. v. Miller, 71 Ill. 463; Frame v. Badger, 79 Ill. 441; Trustees v. McCormick, 41 Ill. 323; C. B. & Q. R. R. Co. v. George, 19 Ill. 510; Hosley v. Brooks, 20 Ill. 115; Leake v. Brown, 43 Ill. 372; Frantz v. Rose, 48 Ill. 68; Murphy v. The People, 37 Ill. 447.

Instructions giving undue prominence to certain testimony are erroneous: Calef v. Thomas, 81 Ill. 478; Cushman v. Coswell, 86 Ill. 62; Evans v. George, 80 Ill. 51; Ogden v. Kirby, 79 Ill. 555; Callaghan v. Myers, 89 Ill. 566; Ill. Linen Co. v.

Hough, 91 Ill. 63; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499.

Messrs. Orendorff & Creighton, for appellee.

Higbee, P. J. This suit was commenced by appellee to recover from appellant the value of a horse.

On the trial a judgment was rendered against appellant, from which he appeals to this court.

In March, 1878, appellee moved from Sangamon county, Illinois, to Kansas, and not being able to take the horse in controversy with him, left it in the possession of appellant, to be kept for him until it could be sent out, where it remained until the 3rd day of February, 1880, when appellant, at the request of one Wm. Hampton (who claimed to be the agent of appellee), sent the horse to a public sale in the neighborhood, to be sold on the terms of the sale.

At the same time Hampton, acting as Scott's agent, settled with appellant the amount he should receive for keeping the horse, and agreed that it should be paid out of the proceeds of the sale—$34.

The horse was sold on the terms of the sale (a credit of eleven months, without interest), for $44, and a note executed to appellant for that amount.

The balance, $10, was paid by appellant to Hampton, and by him sent to appellee with account of settlement and sale.

Appellee denies the authority of Hampton to receive the horse from appellant and sell him.

A careful inspection of the record leaves no room to doubt the agency of Hampton in the premises. It is not only testified to by the agent, but appellant himself testifies that just before the sale Hampton who resided in Sangamon county, was at his house in Kansas, when appellee asked him if he would take the colt at Garvey's and sell it as his own, if he (appellee) wrote to him to do so.

Hampton replied that he would, and soon after his return appellee wrote him to get the horse and sell it.

This occurred in January, 1880, and on the 3rd of February following the horse was sold. Hampton did not answer this

letter before the sale—it required no answer—but immediately after the sale he wrote appellee, giving him an account of the settlement and sale, and enclosing him $10, the balance due him after deducting the $34, paid appellant for keeping the horse.

Appellee subsequently expressed dissatisfaction at the price for which the horse was sold, and returned the money to Hampton.

The delivery of the horse to the auctioneer by appellant, at the request of the agent of appellee, as effectually discharged him from further liability as if he had delivered it to the owner in person.

If the horse sold for less than its value it was no fault of appellant. His duty to appellee terminated upon the delivery of the property to one authorized to receive it.

Appellant by the settlement received only thirty-five cents per week for keeping the horse, and no complaint is made that this was unreasonable. He had a lien on the horse and a right to retain the possession until he was paid. He took the sale-note and paid the balance in cash to appellee's agent.

We see nothing in the conduct of appellant to justify any charge of fraud or unfair dealing.

The Judgment is reversed.

Reversed.